# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 9, 2011

No. 10-20818
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL TINDALL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-251-1

Before DAVIS, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Michael Tindall appeals his jury conviction for bank robbery, arguing that the district court abused its discretion in excluding the testimony of Dr. Ronald Fisher, an expert on the reliability of eyewitness identification. Tindall contends that because his conviction is based on circumstantial evidence and witness identifications based on his voice and gait, Dr. Fisher's testimony would have helped the jury to determine the reliability of the identifications.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Tindall has not shown that the district court abused its discretion in excluding Dr. Fisher's testimony. *See United States v. Jackson*, 50 F.3d 1335, 1340 (5th Cir. 1995). Because the witnesses who identified Tindall had previously known and worked with him for one to 20 years, their identifications were based on their familiarity with Tindall. The Government also presented much circumstantial evidence corroborating the witnesses' identifications, showing that a few days before the robbery Tindall rented a car identical to the robber's getaway car; that he returned the car about 20 minutes after the robbery; that two days before the robbery, he was in the area of a truck which had a stolen license plate that was one digit different from the license number a teller identified as being on the getaway car; that he made a large $5000 cash deposit into his bank account about one hour after the robbery; that he was having severe financial problems at the time of the robbery; that the robber's helmet was very similar to one worn by Tindal and Lieutenant John Buckholtz in charitable go-cart races; and that police found a helmet very similar to the robber's helmet in Tindall's garage. Further, Tindall's counsel was also able to cross-examine the identification witnesses thoroughly to bring out any problems or weaknesses in their testimony. This case is more similar to *United States v. Moore*, 786 F.2d 1308, 1312 (5th Cir. 1986), and *United States v. McGinnis*, 201 F. App'x 246 (5th Cir. 2006), than to *United States v. Alexander*, 816 F.2d 164, 166 (5th Cir. 1987). The evaluation of the reliability of the witnesses' identification was within the common sense of the jury and did not require the aid of expert testimony. The district court did not abuse its discretion in determining that Dr. Fisher's testimony would have been more confusing to the jury than helpful. Therefore, Tindall has not shown that the district court abused its discretion in excluding Dr. Fisher's testimony.

AFFIRMED.